

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CURT DUFRENE AND<br>RAYMOND JACOMINE, JR.<br><br>VERSUS<br><br>CHEVRON U.S.A., INC. | CIVIL ACTION<br><br>NO. 00-0318<br><br>SECTION "B"<br>MAG. (1) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PRE-TRIAL ORDER

1. **Pre-Trial Conference Date**

   The pre-trial conference is scheduled for September 14, 2000 at 2:00 p.m.

2. **Counsel of Record**

   Philip F. Cossich (#1788)
   Darren D. Sumich (#23321)
   Jacqueline Romero (#25855)
   8056 Highway 23, Suite 200
   Belle Chasse, Louisiana 70037
   (504) 394-9000
   Counsel for Plaintiffs,
   Curt Dufrene and Raymond Jacomine, Jr.

   Bruce R. Hoefer., Jr. (6889)
   Anne Derbes Keller (20584)
   601 Poydras Street, Suite 2490
   New Orleans, LA 70130
   (504) 581-2606
   Counsel for Defendant, Chevron USA, Inc

1



3.  **Description of the Parties**

Plaintiffs, Curt Dufrene and Raymond Jacomine are Louisiana residents who have filed a claim for damages.

Defendant, Chevron USA, Inc., is a foreign corporation licensed to do and doing business in the state of Louisiana.

4.  **Jurisdiction**

Jurisdiction is based upon an admiralty claim pursuant to the general maritime law filed on behalf of plaintiffs, Curt Dufrene and Raymond Jacomine, Jr.

5.  **Pending Motions**

A Joint Motion to Continue Trial is currently pending.

6.(a) **Plaintiffs' Summary of Facts**

The following is plaintiffs' summary of the events leading up to the accident of September 26, 1999, as well as the factors which contributed to the accident in Dixon Bay:

On September 26, 1999, at approximately 10:45 p.m., Curt Dufrene and his deckhand, Raymond Jacomine, Jr., were traveling aboard the M/V QUEEN OF HEARTS, a vessel owned and operated by Curt Dufrene, in the waters of Dixon Bay located in Plaquemines Parish, Louisiana. Curt Dufrene was riding in the cabin of the vessel, piloting the vessel, and

he was looking out of the front window in a forward direction. Raymond Jacomine was in the stern of the vessel picking shrimp and facing the rear of the vessel. As they were traveling down the bay, suddenly and without any warning, the M/V QUEEN OF HEARTS struck an unmarked, unlit oil well.

The unmarked oil well was owned, constructed, maintained and/or under the control of Chevron, U.S.A., Inc. and is identified as South Pass Block 24 Field, Well #6, Permit No. 83258, Serial No. 98668. Plaintiffs maintain that Chevron failed to inspect and maintain the oil well in question to insure that it was properly marked, detectable and situated so as not to pose a hazard to navigation. In fact, the well was unlit. Moreover, plaintiffs maintain that Chevron had been placed on notice of the unlit well but failed to take any action to correct the hazard posed to navigation. Keith Delahouse and Darryl Hebert, employees of Vantage Energy arrived at the accident scene shortly thereafter and both observed that the well in question was unlit and without any aids to navigation.

As a result of the collision, Curt Dufrene was thrown about the vessel and into the steering wheel of the vessel, causing him severe and painful personal injuries to his upper and lower back, neck and abdomen. As a result of the injuries suffered by Curt Dufrene, he was unable to work following the accident and presently works in pain because he needs to support his family. He continues to suffer from neck and back injuries and cannot work as much as he would like to.

Raymond Jacomine was also thrown about the vessel, his back struck the motor-box, causing him severe and painful personal injuries, including injuries to his ribs, stomach, neck and lower back. Raymond Jacomine attempted to work after the accident but could not because of his injuries. He continues to suffer from pain to his back and abdomen. He has herniated discs in his back that will require surgical intervention. He also has two fleshy lumps in his abdomen caused from the impact across his stomach.

Curt Dufrene's vessel, the M/V QUEEN OF HEARTS, also sustained property damage. The vessel was inoperable until it was repaired in October, 1999.

### 6.(b) Defendant's Summary of Facts

Plaintiffs, Curt Dufrene and Raymond Jacomine, Jr., maintain that on September 26, 1999, at approximately 10:45 p.m., Curt Dufrene was piloting the M/V QUEEN OF HEARTS in which Raymond Jacomine, Jr. was a passenger. It is alleged that the M/V QUEEN OF HEARTS struck an oil well maintained by Chevron USA, Inc., identified as South Pass Block 24 Field, Well #6, Permit No. 83258, Serial No. 98668, which well plaintiffs allege was unmarked and/or unlit.

Chevron USA, Inc. maintains that the M/V QUEEN OF HEARTS was being operated in violation of the Inland Navigational Rules, 33 U.S.C. § 2001, et. seq. Chevron submits that but for Curt Dufrene's failure to comply with the Inland Navigational Rules, the accident

plaintiffs allege occurred, would have been avoided.

Chevron contests the nature and extent of the personal injury damages claimed by the plaintiffs, as well as medical causation.

7. **Uncontested Material Facts**

   a) Plaintiffs sought medical treatment for injuries alleged to have been caused by this accident.

   b) Chevron U.S.A., Inc. maintained the oil well located at South Pass Block 24 Field, Well #6, Permit No. 83258, Serial No. 98668.

8. **Contested Material Facts**

   a) Whether Raymond Jacomine, Jr. and Curt Dufrene were traveling aboard the M/V QUEEN OF HEARTS on September 26, 1999, in Dixon Bay and struck a well owned by Chevron U.S.A., Inc.

   b) Whether the M/V QUEEN OF HEARTS was damaged by a collision with Chevron's well.

   c) Whether Curt Dufrene was the pilot of the subject vessel.

   d) Whether the oil well in question was unmarked, undetectable and unlit.

   e) Whether Chevron U.S.A., Inc. failed to inspect and maintain the oil well in question to insure that it was properly marked, detectable and situated so as not

    to pose a hazard to navigation.

f)  Whether Chevron U.S.A., Inc. had been placed on notice of the unlit well but failed to take any action to correct the hazard posed to navigation.

g)  Whether the pilot of the M/V QUEEN OF HEARTS was negligent in the operation of the vessel.

h)  Whether Raymond Jacomine, Jr. and Curt Dufrene suffered any injuries as a result of the collision and the nature and extent of any such injuries.

9. **Contested Issues of Law**

  a)  The elements of damages available.

  b)  All issues of law implicit in the foregoing contested Issues of Fact.

10.(a) **Plaintiffs' Exhibits**

  1.  Any and all documents from the Louisiana Clinic concerning the treatment of Raymond Jacomine, Jr. and Curt Dufrene.

  2.  Any and all documents from Rehab Access, Inc. concerning the treatment of Raymond Jacomine, Jr. and Curt Dufrene.

  3.  Any and all documents concerning prescription medication expenses in connection with the injuries plaintiffs' received.

  4.  Any and all accident reports generated as a result of subject collision.

  5.  Any and all documents from Chevron USA, Inc. regarding the well plaintiffs' struck.

6. Pictures taken of well site.

7. Pictures taken of the M/V QUEEN OF HEARTS.

8. Pictures taken of Plaintiffs' injuries.

9. Tax returns of Raymond Jacomine, Jr. and Curt Dufrene.

10. Documents evidencing the income of Raymond Jacomime, Jr. and Curt Dufrene.

11. Survey Report of Damage done to M/V QUEEN OF HEARTS.

12. Any and all documents from Dr. Michael Adinolfi regarding the treatment of Raymond Jacomine, Jr.

13. Any and all pleadings compiled in this matter.

14. Any policies of insurance of Chevron U.S.A., Inc. providing coverage for the allegations contained within Plaintiffs' complaint.

15. Any and all documents needed for rebuttal and/or impeachment purposes.

16. Any and all receipts indicating costs for repairing the M/V QUEEN OF HEARTS.

17. Any and all other documentation used by any other party to this litigation.

**10.(b) Defendant's Exhibits**

1. Tax returns of Raymond Jacomine, Jr. and Curt Dufrene

2. Documents evidencing the income of Raymond Jacomime, Jr. and Curt Dufrene

       3.     Photos of well and surrounding area

       4.     Map of area

       5.     Photos of Vessel M/V QUEEN OF HEARTS

       6.     Chevron Damage Claim Report

       7.     Estimates of damage and/or surveys of the vessel M/V QUEEN OF HEARTS

       8.     Any and all medical records/bills relating to treatment of Curt Dufrene and Raymond Jacomine, Jr.; and

       9.     Any and all exhibits introduced or used by any other party.

**11.** **Deposition Testimony to be Offered at Trial**

     None anticipated at this time.

**12.** **Charts, Graphs, Models, Etc.**

     None.

**13.(a)** **Plaintiffs' Witnesses**

       1.     Raymond Jacomine, Jr. - Plaintiff in this matter
             28980 Highway 23
             Port Sulphur, LA 70083

       2.     Curt Dufrene - Plaintiff in this matter
             135 Oak Ridge Dr.
             Port Sulphur, LA 70083

3.  Dr. Michael Adinolf - Expert witness in connection with his treatment of Raymond Jacomine, Jr.
    3535 Bienville St., Suite W-170
    New Orleans, LA 70119

4.  Dr. Kenneth Adatto - Expert witness in connection with his treatment of Raymond Jacomine, Jr.
    3715 Prytania St., Suite 501-A
    New Orleans, LA 70115

5.  Representative(s) of Rehab Access - in connection with the physical therapy treatments and expense of Raymond Jacomine, Jr. and Curt Dufrene
    111 A Cran Drive
    Buras, LA 70041

6.  Allen J. Sanchez - Expert witness in connection with liability/fault issues and the extent of damage done to the M/V QUEEN OF HEARTS
    P. O. Box 412
    Belle Chasse, LA 70037

7.  Representative(s) from Chevron, U.S.A., Inc.

8.  Representative(s) from Vantage Energy, Inc.

9.  Yet to be named vocational rehabilitation expert.

10. Yet to be named economic experts.

11. Any witness(es) necessary to testify concerning any medical bills/expenses incurred by Raymond Jacomine, Jr. and Curt Dufrene in relation to the accident and injuries forming the basis of plaintiffs' Complaint.

12. Any and all witnesses necessary for rebuttal and/or impeachment.

13. Keith Delahouse - address unknown - will testify regarding facts of the accident.

14. Darryl Hebert - address unknown - will testify regarding facts of the accident.

15. Any and all witnesses listed by any other party to this litigation.

**Defendant's Witnesses**

1. Curt Dufrene, Plaintiff in this matter
   135 Oak Ridge Dr.
   Port Sulphur, LA 70083

2. Raymond Jacomine, Jr., Plaintiff in this matter
   28980 Highway 23
   Port Sulphur, LA 70083

3. C. S. Wenzel
   Chevron USA, Inc.
   935 Gravier Street
   New Orleans, LA 70112

4. Tom Limberly
   Chevron USA, Inc.
   935 Gravier Street
   New Orleans, LA 70112

5. Representative of Chevron USA, Inc.

6. Dr. Kenneth Adatto
   3715 Prytania St., Suite 501-A
   New Orleans, LA 70115

7. Dr. Michael Adinolfi
   3535 Bienville St., Suite W-170
   New Orleans, LA 70119

8.  Yet to be named vocational rehabilitation expert

9.  Yet to be named economic experts

10. Yet to be named marine surveyor

11. Keith Delahouse - address unknown
    (will testify regarding facts of the accident)

12. Darryl Hebert - address unknown
    (will testify regarding facts of the accident)

13. A representative of Charity Hospital

14. A representative of Plaquemines Parish Comprehensive Care Center

15. Any and all other physicians who rendered medical treatment to plaintiffs, Curt Dufrene and Raymond Jacomine, Jr.

16. A representative of U.S. Coast Guard; and

17. Any and all witnesses listed or called by any other party.

**13.(b)** The aforementioned witness lists of the plaintiffs and defendant were filed in accordance with prior court orders.

14. **Trial Format**

    This is a non-jury trial.

15. The issue of liability (will or will not) be tried separately from that of quantum.

**16.   Other Matters**

None at this time.

**17.**   Trial shall commence on October 2, 2000 at 8:30 a.m. and will have an estimated time period of two days.

**18.**   This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Thereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

**19.   Statement of Settlement**

Possibility of settlement of this case was considered.

Respectfully submitted,

COSSICH, MARTIN, SUMICH & PARSIOLA

BY: _____
**PHILIP F. COSSICH, JR. (#1788)**
**DARREN D. SUMICH (#23321)**
**JACQUELINE ROMERO (#25855)**
8056 Highway 23, Suite 200
Belle Chasse, Louisiana 70037
Phone: (504) 394-9000
Counsel for Plaintiffs, Curt Dufrene and
   Raymond Jacomine, Jr.

Respectfully submitted,

ADAMS AND JOHNSTON

BY: _____
    **BRUCE R. HOEFER., JR. (6889)**
    **ANNE DERBES KELLER (20584)**
    601 Poydras Street, Suite 2490
    New Orleans, LA 70130
    (504) 581-2606
    Counsel for Chevron USA, Inc.

_____
**IVAN L. R. LEMELLE**
United States District Judge